# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-00034-CR-W-BP-01 |
| ) | |
| LONNIE T. BLACK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case comes before the Court on Defendant Lonnie T. Black's Motion to Suppress Evidence and Statements. (Doc. 18.) United States Magistrate Judge Robert E. Larsen has recommended that this Court enter an Order granting Defendant's Motion. (Doc. 27.) The Government filed objections to the Report and Recommendation. (Doc. 28.)

The Court adopts and incorporates the Background and Evidence included in Magistrate's Report and Recommendation. (Doc. 27, pp. 1-8.) For the reasons stated in the Report and Recommendation, the Court agrees that there was no violation of municipal ordinance 70-849(a), and that it was not objectively reasonable for the officers to believe the ordinance had been violated. Therefore, violation of municipal ordinance 70-849(a) does not create reasonable suspicion to justify the stop of Defendant's vehicle. Further, the Court also agrees that the stop of Defendant's car was not supported by a reasonable suspicion of drug activity.

In its objections to the Report and Recommendation, the Government argues that Judge Larsen's analysis improperly focuses on whether the officers had a reasonable suspicion to stop Defendant. The Government argues the focus of the analysis should instead be on whether the

officers had a reasonable suspicion to stop the vehicle. However, in both of the cases relied on by the Government, the officers had a reasonable suspicion that the driver and/or occupants were engaged in criminal activity, although they didn't know the identity of the driver or see exactly what transpired in the vehicle prior to the stop. Therefore, the Court finds that under Eighth Circuit law, officers must have a reasonable suspicion that the driver is engaged in criminal activity before initiating an investigatory stop, not simply a reasonable suspicion that the car is used for criminal activity. Because the officers in this case did not have a reasonable suspicion that Defendant was engaged in criminal activity at or near the time of the investigatory stop, the stop violated his rights under the Fourth Amendment to the United States Constitution.

In the first case relied upon by the Government, *United States v. Busto-Torres*, 396 F.3d 935, 939 (8th Cir. 2005), officers witnessed a probable drug deal between a suspected drug dealer and the driver of a vehicle. Shortly thereafter, they saw the suspected drug dealer enter a second vehicle and, after a few minutes, leave the vehicle. *Id.* at 939-940. Officers used this information to conduct an investigatory stop of the second vehicle. *Id*. The Government is correct in concluding the Eighth Circuit found the officers had reasonable suspicion to conduct the stop despite the fact they had no information about the vehicle or its occupants and did not know exactly what occurred while the suspect was in the second vehicle. However, there are a number of differences between the facts of *Busto-Torres* and the facts of this case. First, the events of the first probable drug deal immediately proceeded the events of the second probable drug deal. Second, events of the first probable drug deal were almost identical to the events of the second probable drug deal. Third, the second vehicle was stopped immediately after the suspected transaction. These facts caused the Eighth Circuit to conclude the officer reasonably believed the vehicle *and the occupants* of that car were involved in criminal activity. *Id.* at 943.

("an experienced narcotics officer reasonably would have believed the second car, like the first, was likely on the scene to buy drugs.")

Similarly, in *United States v. Coleman*, 603 F.3d 496, 500 (8th Cir. 2010), officers observed a car stopped illegally and blocking traffic in an area of known drug trafficking. They saw an individual known to engage in drug activity leave his car and enter the defendant's car. *Id.* An occupant of the defendant's car then exited the car, removed something from the trunk and returned to the car. *Id.* In finding the officers had a reasonable suspicion to conduct an investigatory stop, the Eighth Circuit held that "[e]ven if an officer cannot see an actual drug exchange, the totality of the circumstances may still give rise to reasonable suspicion of criminal activity." *Id.* However, similar to the analysis in *Busto-Torres*, the Court found it relevant that the officer's observations connected the driver of the vehicle to a drug transaction and supported the officer's reasonable suspicion that criminal activity "was afoot." *Id.*

In both of the above cases, the totality of the circumstances gave the officers a reasonable suspicion that the drivers of the cars were engaged in criminal activity at or near the time of the stop. Even considering the totality of the circumstances, the facts of this case do not provide the connection between Defendant and the suspected criminal activity necessary to give officers a reasonable suspicion that the car and occupants were involved in criminal activity at or near the time of the stop. In arguing to the contrary, the Government relies heavily on the extensive evidence supporting probable cause and/or a reasonable suspicion that criminal activity was occurring at The Shop and the fact that the car in which Defendant was ultimately stopped was frequently seen at The Shop. However, there is no evidence that Defendant was present in the car during the previous sightings at The Shop or ever present in the car prior to the stop at issue. Also, the car was last seen at The Shop more than five hours prior to the stop and because of the

3

tinted windows, officers do not know who was in the car at that time.[1]  Further, and unlike the facts of *Busto-Torres* and *Coleman*, the officers did not see the car associated with any activity at or near the time of the stop from which they could conclude the occupants of the car were engaged in criminal activity or that criminal activity was afoot.  The only evidence supporting the officers' suspicion regarding drug activity was the air fresheners hanging from the rearview mirror and the officers' experience that drug users often have air fresheners in their cars to mask the smell of drugs.  This evidence is not sufficient to establish reasonable suspicion necessary for an investigatory stop.

After an independent and careful review, the Court **OVERRULES** Government's Objections to the Report and Recommendation, (Doc. 28), and **ADOPTS** Judge Larsen's Report and Recommendation.  (Doc. 27.)  Accordingly, Defendant's Motion to Suppress Defendant's Evidence and Statements, (Doc. 18), is **GRANTED**.

**IT IS SO ORDERED.**

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE:  4/22/2015

---

[1] The Government relies on *United States v. Jeanetta*, 533 F.3d 651 (8th Cir. 2008) to argue that evidence indicating on-going criminal activity mitigates the fact that over five hours passed between the last observed suspicious activity and the stop.  However, in *Jeanetta* the court found it relevant that the evidence connected the defendant and his residence to the illegal activity.  *Id.* at 655.  Here, there is no connection between the Defendant and the suspected criminal activity.